```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ITT CORPORATION; ITT ENIDINE INC.;                           :
INTERNATIONAL MOTION CONTROL INC.;                           :
and CLEVELAND MOTION CONTROLS, INC.                          :
n/k/a ITT TORQUE SYSTEMS, INC.,                              :
                                                             :
                                        Plaintiffs,          :
                                                             :
                        -v-                                  :
                                                             :
PATRICK P. LEE; MICHAEL A. SIINO; and E.                     :
WAYNE FOLEY,                                                 :
                                                             :
                                        Defendants.          :
                                                             :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 4, 2016

15-cv-2730 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

This action is based on the aftershocks of a merger that occurred in 2007. The Agreement and Plan of Merger (the "Merger Agreement" or "Agreement") contained a number of standard representations and warranties ("reps and warranties"), including some that related to intellectual property. Long after all available limitations periods expired, plaintiffs seek to bring a suit against stockholders of the acquired company for breach of reps and warranties relating to intellectual property. Plaintiffs have cast their claims in ways that seek to sidestep the obvious and unavoidable: the claims are truly no more than contract claims and, as such, they are, among other deficiencies, out of time. If the law allowed claims for breaches of reps and warranties to be wedged into claims by other names and asserted years too late, the floodgates would open. In mergers, parties take risks.

Among the risks are that the reps and warranties will be breached one day.  Parties protect themselves pursuant to bargains struck in the contract; such bargains may set out who may be sued, what claims are cognizable, and the extent and duration of any personal liability.  The bargain may set out different terms for claims of fraud as compared to other breaches.  But fraud is not adequately pled here – a contract action is.  And that action cannot survive.

For the reasons set forth below, defendants' motion to dismiss is GRANTED and this action is dismissed with prejudice.

I.      FACTUAL AND LEGAL BACKGROUND

In this motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all of the well-pled allegations in the complaint and construes all inferences in favor of plaintiffs.[1]

The parties spend a significant amount of time reciting facts and history irrelevant to resolution of this motion.  The Court recites only those facts necessary to its decision and refers the reader to the parties' papers and complaint for additional color.

On June 26, 2007, the parties entered into an Agreement and Plan of Merger pursuant to which ITT Corporation acquired the outstanding stock of International Motion Control, Inc. ("IMC"); the acquisition included IMC and its subsidiaries,

---

[1] In applying this standard, the Court accepts as true all well-pled factual allegations, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court will give "no effect to legal conclusions couched as factual allegations."  Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555).  A plaintiff may plead facts alleged upon information and belief "where the facts are peculiarly within the possession and control of the defendant."  Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010).

including Enidine, Inc. ("Enidine"). Defendant Patrick P. Lee was a signatory to the agreement as an officer of IMC as well as the designated Stockholders' Representative.

### A. The Terms of the Agreement

Article III of the Agreement contains a series of standard reps and warranties by IMC. Among those is § 3.12, a provision relating to scheduled intellectual property that IMC owned or exclusively licensed. In that section, IMC represented that to its knowledge, its rights in the intellectual property were valid and enforceable.

Article IV contains an additional set of reps and warranties by the stockholders, which includes each of the defendants to this action. Article IV does not contain a rep or warranty regarding intellectual property.

Article IX of the Agreement sets forth a standard indemnification provision. It provides that each IMC stockholder, which again includes the defendants, has an indemnification obligation with regard to any breach of a rep and warranty by either IMC or the stockholder or any other breach of the Agreement. The obligation is limited to the extent of each stockholder's interest in the Indemnity Escrow Fund. § 9.1(a), (b). According to the Agreement, any claims for indemnification relating to reps and warranties had to be brought within either two years or five years of closing, which was September 7, 2007. § 9.4(f). Whether the two or five year time period applied depended on whether the rep and warranty at issue was with respect to a "Fundamental Matter." Id. The reps and warranties relating to intellectual

property are defined as among those that constitute Fundamental Matters. Definitions, Ex. A, A-5. The indemnification provision further provides that the sole and exclusive remedy of any indemnified party shall be satisfied solely through the indemnification provisions except in cases of fraud, intentional breach, or willful misconduct, in which case the designated timeframes do not apply and instead claims would have to be brought within the periods set forth in any applicable statute of limitations. § 9.4(g).

Article XI of the Agreement contains a standard non-recourse provision for all claims of any nature. That provision provides that, <u>inter alia</u>, no past or present officer, employee, or stockholder of IMC, nor the Stockholder's Representative, "shall have any liability for any obligations or liabilities of [IMC] or the Stockholders' Representative under this Agreement[,] or for any claim based on, in respect of, or by reason of, the transactions contemplated hereby and thereby." § 11.8.

    B.    <u>The Issue</u>

As described above, the closing date for the Agreement was September 7, 2007. Following the merger, time passed – a lot of time. The five year anniversary from the closing date, and with it the outer-boundary for any assertion of a breach of rep and warranty, even as to a Fundamental Matter such as intellectual property, came and went in September 2012. Then, in 2014, an issue arose for the first time. Lee, the former Stockholder Representative in the Merger Agreement, became associated with a new company, Kyntec Corporation ("Kyntec"). Lee is

4

currently Chairman of the Board of Directors of Kyntec.  As it happens, Kyntec and Enidine (one of the IMC subsidiaries ITT had acquired as part of the merger) are competitors; they both manufacture firearm recoil dampers which, when installed in a firearm, improve the firearm's performance and accuracy.  The Enidine recoil dampers are covered by a patent, U.S. Patent No. 7,131,367 (the "'367 Patent"); that was acquired by ITT as part of the merger in 2007.[2]

In early 2014, Enidine and ITT became aware the Kyntec was manufacturing and selling a recoil damper that in their view infringes on the '367 Patent.  After Enidine informed Kyntec of potential infringement, Kyntec commenced a declaratory judgment action.  In that lawsuit, Kyntec alleges, inter alia, that the '367 Patent is invalid and unenforceable. That lawsuit is currently pending in the Western District of New York.  14-cv-271.  Notably, plaintiffs herein, ITT and IMC, have answered that complaint by denying the allegations of invalidity and have asserted counterclaims for infringement.  The court has not adjudicated the infringement or validity claims.

C.   The Lawsuit Before this Court

The premise of the lawsuit before this Court is that the fact of Kyntec's assertion of an invalidity claim regarding intellectual property transferred by a principal of Kyntec, Lee, as part of the merger, must mean that defendants willfully failed to investigate the intellectual property as they represented and warranted

---

[2] The '367 Patent was not issued until November 2007, two months following the closing of the merger; however, the inventors of the patent had previously assigned the technology to the patent to IMC.

they had. According to plaintiffs, who maintain that the '367 Patent is valid (implicitly conceding that any failure to investigate has not injured plaintiffs), the "false" rep and warranty regarding investigation of intellectual property supports claims for intentional breach of contract, fraud, breach of fiduciary duty, and breach of contract.

II. DISCUSSION

The complaint in this case is subject to dismissal for a number of independent reasons, none of which require extended discussion.

First, the claims are plainly untimely. What plaintiffs are in fact asserting – though denominated differently – is a breach of rep and warranty claim. That claim accrued as of the date of the closing, and it expired five years from that date – the fall of 2012. Moreover, even if a six-year statute of limitations applied to the contract claim, that period expired in the fall of 2013. There is no basis in law to extend the statute of limitations to 2014.

Casting the claim as an "intentional" breach of contract does not help. There are no facts separate and distinct from the breach of contract that can transform the claim into an intentional tort. "[T]he mere allegation that such breach was maliciously intended does not serve to give them a separate identity as tort claims apart from the breach of contract claim." La Fleur v. Montgomery, 416 N.Y.S.2d 602, 603 (N.Y. App. Div. 1979). Further, "[t]o justify a tort action, there must be a breach of duty separate and distinct from a breach of contract. The breach of contract may be so intended and planned, so purposefully fitted to time and

circumstances and conditions, as to cease to be a mere breach of contract and become, in its association with intended circumstances, a tortious and wrongful act or omission." Skouras v. Brut Prods., Inc., 360 N.Y.S.2d 811, 813 (N.Y. App. Div. 1974).  No such facts are alleged here.

Plaintiffs' assertion that they are entitled to equitable tolling as to this or any other claim is also incorrect.  Equitable tolling is applied only in rare circumstances. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).  A misrepresentation by the defendants, upon which plaintiffs relied, must be asserted to support such a claim. No representation by the defendants (as compared to IMC) has been asserted.  The allegations in the complaint are that defendants are responsible for IMC's breach of the rep and warranty relating to investigation of intellectual property – but none of the reps and warranties in Article IV (from the stockholders) relates to intellectual property.  The reps and warranties relating to intellectual property are solely those of IMC.  Moreover, at this point in time, plaintiffs in this matter maintain that the original representations in the Agreement regarding the '367 Patent are correct – that the intellectual property is valid and enforceable.  Thus, they do not allege a false statement.  It does not follow that, simply because Kyntec has asserted an invalidity claim, the "knowledge" or "reasonable investigation" assertions in the reps and warranties in the Merger Agreement were false.

In addition, the complaint does not allege a plausible fraud claim.  It is simply a contract claim dressed up as fraud.  The law, however, is clear that when a fraud claim is simply a recast contract claim, it is subject to dismissal.

Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 20 (2d Cir. 1996).  Here, no facts are alleged supportive of either a legal duty separate from a contract duty or a fraudulent misrepresentation extraneous to the contract.  Id.  Indeed, the entire premise of this lawsuit is that the misrepresentation at issue – the assertion of a reasonable investigation – is contained in the Merger Agreement itself.

Even if viewed as somehow different from a contract claim, the fraud claim lacks the requisite particularity.  See Caputo v. Pfizer, Inc., 267 F.3d 181, 191 (2d Cir. 2001).  Plaintiffs have not alleged that the defendants themselves (as compared to IMC) made a fraudulent representation.  In any event, as plaintiffs continue to assert that the '367 Patent is valid, no falsity has been shown.  Finally, there are no facts alleged that support an inference that at the time the Merger Agreement was signed or the merger itself closed, there was any intent to defraud.

Next, casting the claim as one for breach of fiduciary duty is also meritless.  It is time barred by the three year statute of limitations applying to such claims seeking money damages.  See CPLR § 214(4); IDT Corp. v. Morgan Stanley Dean Witter & Co., 907 N.E.2d 268, 272 (N.Y. 2009).  In any event, it is nothing more than a claim for breach of the rep and warranty contorted into a fiduciary duty claim.  If a party could transform limited rep and warranty claims into fiduciary duty claims, a new cottage area of the law could be created: every breach of rep and warranty would become a fiduciary duty claim.  That is not the law.  In any event,

there is no doctrine which renders the shareholders of a company the fiduciary of that company in the manner that plaintiffs suggest.

Finally, even if the defendants could be held responsible for a failure to investigate underlying an IMC rep and warranty, the indemnification and non-recourse provisions of the Merger Agreement foreclose the relief sought.

The Court has considered all of plaintiffs' arguments and finds that they lack merit.

III.   CONCLUSION

For a host of reasons, plaintiffs' claims fail as a matter of law and they are dismissed.

SO ORDERED.

Dated:     New York, New York
           February 4, 2016

_____
KATHERINE B. FORREST
United States District Judge